CASE 22—PETITION ORDINARY—DECEMBER 29.

## Hardin's executors vs. Carrico.

APPEAL FROM WASHINGTON CIRCUIT COURT.

It is not the official or legal duty of a clerk of the circuit court to receive money deposited or paid into court, and the sureties in his official bond as clerk are not liable for his failure to pay over money thus received by him.

W. H. Hays, and M. R. & T. B. Hardin, for appellants, cited *Civil Code, sec.* 30 ; *Ib., sections* 333 *to* 338 ; 18 *B. Mon.,* 225; *Harris vs. Baker, MS. opin., December,* 1857 ; *Civil Code, sec.* 16.

Thurman, for appellee, cited *Civil Code, section* 333.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

In May, 1851, C. C. Kelly was elected clerk of the Washington circuit court and, together with Hardin and others as

his sureties, executed a bond to the commonwealth, condition-
ed in substance that "should 'the said Kelly well, truly, and
faithfully discharge his duties as clerk as aforesaid, according
to law, and shall pay over and account for all taxes, fines, and
other public moneys which shall come to his hands as clerk as
aforesaid, under the existing laws, or those which may hereaf-
ter be enacted, then this bond to be void."

. Afterwards—in March, 1852—in the progress of a suit then
pending in the Washington circuit court, an order was made
reciting that one of the parties to the suit "deposited in court
$53 80, which is to be held subject to future order of court."

The appellee, having been appointed a receiver in the suit
mentioned, was directed to "collect the fund deposited in the
hands of C. C. Kelly, late clerk of this court, (he having pre-
viously died,) and distribute the same as directed by former
decree," &c.

This action was then brought in the joint names of the ap-
pellee and of the commonwealth, on the official bond of Kelly,
against Hardin, the only survivor of the several sureties, for
the recovery of the fund, which, it is admitted, was received
by Kelly, and had not been paid over by him.

Judgment was rendered against Hardin for $53 80, with in-
terest from the 7th March, 1852, and he having since died his
executors prosecute this appeal.

The most important question, and the only one we shall
consider, is whether the sureties of the clerk were legally re-
sponsible upon their bond for any default of the clerk with re-
spect to this fund, so received by him under the order of court
referred to.

It is not pretended that the stipulation in the official bond,
which provides specially that the clerk shall pay over "all taxes,
fines, and other *public moneys*, which shall come to his hands *as
clerk*," embraces the liability here contended for.

But it is insisted that one of the official and legal duties of
the clerk was to receive moneys deposited or paid into court,
and to hold and pay over the same as directed by the court,
and that consequently the sureties of Kelly were properly held

liable under the general covenant which provides for the faithful discharge of his *duties as clerk, according to law.*

The official duties of a clerk of the circuit court are, for the the most part, prescribed and defined by statute.   But we have been referred to no statutory provision, and have met with none, which enjoins or even authorizes the performance of the duty in question by the clerk.   Nor is there anything in the nature of his office, or in his official relations to the court, which requires that he should become the receiver and custodian of money deposited or paid into court.

The law makes ample provision for the safe-keeping and security of all money or property which, in any case, may be placed under the control of the court.   The *fifth chapter of the Civil Code, (sections* 328 *to* 332, *inclusive,)* requires the court, in the cases there enumerated, to appoint a *receiver*, who must be sworn to perform his duties faithfully, and execute a bond with one or more sureties, to such person and in such sum as the court shall direct.   And by *section* 336 the court "may confide to the sheriff money deposited or paid into court, which shall be kept by him under the same requirements and responsibilities of himself and his sureties as are provided by this Code in respect to money deposited in lieu of bail."   This provision is general, and embraces every possible case of a tender or deposit of money in court not elsewhere specially provided for. Similar provisions for the appointment of receivers are to be found in the Revised Statutes.   (*Chap.* 65, *page* 140, 2 *vol.*)

The effect of these statutes, and especially of the section of the Code last referred to, which expressly confides this trust to a particular officer of the law, and renders his sureties responsible for its exercise, is to exclude any presumption that the same duties and responsibilities necessarily appertain to any other office, or were intended to be devolved upon any other officer.   And this power of the court to appoint receivers existed as well before as since the adoption of the Code.

It has been recently decided by this court that clerks of circuit courts are not authorized by law to receive money upon judgments, executions, or replevin bonds, of which the law makes them custodians, and a practice of that kind, however

general, would confer no right upon such officials to assume such agency. (*Durant vs. Gabby*, 2 *Met. Ky. Rep.*, 91; *Ib.*, 93.)

And it may be said, with equal propriety here, that the practice which may have prevailed in our courts, of making the clerk the custodian of money deposited or paid into court, cannot have the effect to render the sureties of that officer answerable for his default with respect to a duty not prescribed nor even recognized by law, and which therefore the sureties cannot be supposed to have contemplated. when they undertook for the faithful discharge of "*his duties as clerk*," according to law.

The result of this view is, that the court below erred in rendering any judgment against Hardin, upon the facts stated in the petition.

The judgment is therefore reversed, and the cause remanded with directions to dismiss the petition.